IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                                        Case No. 2:13-CR-105
                                                      Case No. 2:14-CR-052

      vs.                                                       JUDGE SARGUS

ADDISON RAY RICHARDSON,

      Defendant.

### DEFENDANT ADDISON RAY RICHARDSON'S SENTENCING MEMORANDUM

**I. INTRODUCTION.**

On March 13, 2014, the United States Probation Office disclosed the final Presentence Investigation Report (hereinafter "PSR") prepared in the above-captioned cases. After the November 1, 2010 guideline amendments, the Sentencing Commission made it clear that sentences can only be imposed after moving through the following three-step process: (1) properly compute the applicable guideline range; (2) determine the propriety of a departure from that range; and (3) apply the relevant § 3553(a) factors. USSG § 1B1.1(a)–(c). Adherence to this procedure yields a sentence that is "sufficient, but not greater than necessary" to satisfy Congress' sentencing mandate codified in 18 U.S.C. § 3553(a)(2).

**II. SENTENCING GUIDELINES.**

The proposed guideline applications in Richardson's PSR recommend a Zone D sentencing range of 262-327 months based on his total offense level 39 and criminal history category I. (PSR, ¶127). Richardson filed written objections to this guideline computation on March 8, 2014 in which he contended that his sentencing range should be 210-262 months based on a total offense level 37 and criminal history category I. The legal issue raised in Richardson's

objection letter remains pending for this Court's resolution.  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties entered into a binding plea agreement calling for a sentence within the range of 264-336 months; it is up to this Court as to whether this agreement will be implemented.

## III.　DEPARTURES.

Once Richardson's guideline range is established, the next consideration is to assess whether there are any grounds for departure from the otherwise applicable range–in this case, there are none.  (PSR, ¶143).

## IV.　SENTENCING FACTORS---18 U.S.C. §3553(a).

The final step of the sentencing analysis requires this Court to determine what sentence is sufficient, but not greater than necessary, to satisfy Congress' sentencing mandate.  Richardson points to the following three §3553(a) factors to answer this statutory question:   (1) the nature and circumstances of his offense; (2) his history and characteristics; and (3) the sentencing range called for by the advisory guidelines.  In the end, Richardson submits that a 264 month prison sentence, followed by 60 months of supervised release, would vindicate Congress' sentencing mandate as it would not diminish the seriousness of his offense, would provide just punishment, and protect the public.

### a.　NATURE AND CIRCUMSTANCES OF THE OFFENSE - §3553(a)(1).

The offenses Richardson committed are gravely serious and it is indisputable that internet crimes involving children deserve meaningful punishment.  To find support for this conclusion, one needs to look no farther than Congress' decision to impose a mandatory minimum sentence of 120 months incarceration for violations of 18 U.S.C. §2422(b).

Beginning in late 2011, Richardson endured a series of personal crises that ushered his involvement in the federal crimes for which he stands convicted.  First, Richardson's step-father was diagnosed with leukemia and this upset his family greatly.  Next, Richardson endured a painful loss when his partner passed away in 2012.  This loss resulted in Richardson transitioning from a stable monogamous relationship into a life of promiscuity.  (PSR, ¶32).  As a result, in 2012 and 2013, Richardson, who is an admitted "sex addict," was taking a lot of risks in relationships and often went to strangers' homes to have sex.  (PSR, ¶37).  While he was training for a new job in Toledo, Richardson met a man, Zach, who introduced him to the child pornography genre.  (PSR, ¶¶34-36).  This entre took Richardson's sex addiction into an entirely different direction.

The crime Richardson committed in the Southern District of Ohio is attempted enticement of a minor to have illicit sex by using the internet.  Richardson committed this crime between January 22, 2013 and February 11, 2013 when he made contact with an undercover detective, posing as a foster father of two minor children, who posted online advertisements on a classified website "looking for others interested in 'Taboo' subjects."  (PSR, ¶23).  Soon thereafter, the agent received an email from Richardson who, during the course of several conversations that followed, made it clear that he was interested in having sex with the detective's minor, but fictitious, children.  (*Id.*).  The detective and Richardson met on February 11, 2013 at which time Richardson was arrested.  (PSR, ¶25).

After his arrest, a search of Richardson's phone revealed numerous images of child pornography as well as text messages between Richardson and a juvenile who lived in the Northern District of Ohio that indicated there had been a sexual encounter.  (PSR, ¶27).  It was

3

later learned that Richardson met this juvenile on "Grinder," which is a website used by men to meet other men. (PSR, ¶37). After the juvenile was identified, he was interviewed and confirmed that he had a sexual relationship with Richardson. (PSR, ¶28). Additionally, the juvenile confirmed that Richardson took photos of him while he was posing naked. (PSR, ¶28).

Pursuant to the plea agreement, the government and Richardson agreed that his total offense level should be 37 and through Fed. R. Crim. P. 11(c)(1)(C), the parties also stipulated that a sentence between the range of 264-336 months incarceration was appropriate. (PSR, ¶12).

### b. RICHARDSON'S HISTORY AND CHARACTERISTICS -- § 3553(a)(1).

Addison Richardson is the eldest of two children born to Steven and Lisa Richardson. Steve is a school teacher while Lisa is a registered nurse. Addison Richardson's childhood was bucolic in that he was loved, was never subjected to any form of abuse, was afforded the opportunities he needed to develop and succeed, and was reared in a setting where education was valued. (PSR, ¶85). Growing up, Richardson also valued community involvement as evidenced by his helping others by painting homes and decks as well as donating toys to the Salvation Army. (PSR, ¶87).

Even though Richardson's home life was "idyllic," he suffered a loss when he turned six and his parents divorced. (PSR, ¶86). However, this loss was minimized when after the divorce, Richardson shared time with his parents and they even made efforts to spend the holidays together. (PSR, ¶¶86 & 87). Eventually, Lisa got remarried to Dr. Patrick Chaney and they gave Richardson twin siblings, who are now ten years old. (PSR, ¶86). In 2011, Dr. Chaney was diagnosed with leukemia and that diagnosis was very difficult for Richardson and his family to accept. (PSR, ¶¶32 & 86).

Richardson's parents confirmed that, through the years, he has shown a lot of love towards his family. (PSR, ¶87). Furthermore, it is evident that Richardson has the support of his nuclear family so that when he finishes this Court's sentence, he will have the safety net to smooth his transition to society. (PSR, ¶¶90-91; 103).

While in school, Richardson struggled in a conventional classroom setting, most likely due to his ADHD. (PSR, ¶¶88 & 94). Consequently, Richardson was removed from public schools and enrolled at Riverside Military Academy where he flourished in a structured environment. (PSR, ¶¶88 & 107). After graduating from high school, Richardson attended Embry Riddle Aeronautical University for one semester hoping to become a pilot. (PSR, ¶108). After leaving Embry, in 2009, Richardson completed a 104 hour course to become a certified phlebotomist. (PSR, ¶109).

After becoming a phlebotomist, Richardson has been consistently employed, working seven different jobs, all for short periods of time. (PSR, ¶¶113-119). Most of these jobs were in the service industry while one required Richardson to work as a laborer in an aluminum factory in Wapakoneta. (PSR, ¶¶113-119).

Since 2009, Richardson has periodically treated with Arlett Pollock-Evans, a mental health professional in Allen County. (PSR, ¶100). In 2009, Richardson was diagnosed with having generalized anxiety disorder, obsessive/compulsive disorder, and adjustment disorder with depression. (PSR, ¶100). In 2012, Richardson was diagnosed with having adjustment disorder with mixed feelings and anti-social personality disorder. (PSR, ¶101). After Richardson was arrested on these federal offenses, he met four times with Ms. Pollock-Evans but no new diagnosis was made. (PSR, ¶¶102-03).

5

### c. THE SENTENCING RANGE ESTABLISHED BY THE SENTENCING GUIDELINES--§3553(a)(4).

The rote application of the sentencing guidelines to Richardson's case has a profound impact on the "kinds of sentence" that are available.  Because of the alleged ages of the fictitious minors, an eight-level enhancement was applied, pursuant to USSG §2G1.3(b)(5), elevating Richardson's base offense level from 30 to 38.  (PSR, ¶50).  Without question, this enhancement mechanically applies to this case; however, it is important to also note that during his commission of this offense, Richardson did not actively seek children under the age of fourteen as sex partners.  Instead, the detective, without being prompted by Richardson, injected the age issue into the facts of this case by noting that his "children" were nine and fourteen years old.

This point is not made to either diminish the seriousness of Richardson's crime or to cast aspersion on the detective.  It is clear from the on-line chats, this crime was destined to happen regardless of the age of the children.  However, simply because the detective was sage enough to assign the ages of nine and fourteen to his fictitious children, Richardson's guideline sentencing range more than doubled.

## V. CONGRESS'S SENTENCING MANDATE--18 U.S.C. §3553(a)(2).

### a. A SENTENCE OF 264 MONTHS PROVIDES JUST PUNISHMENT AND DOES NOT DIMINISH THE SERIOUSNESS OF HIS OFFENSE -- §3553(a)(2)(A).

There is no question that Richardson's crimes are serious--as previously noted, the statutory penalties alone demonstrate the gravity of his crimes.  However, Richardson maintains that a sentence of 264 months of incarceration would not diminish the seriousness of his crime as it is slightly above the maximum guideline range the parties believe is applicable but at the low-end of the sentencing range stipulated pursuant to Fed. R. Crim. P. 11(c)(1)(C).

If a sentence of 264 months imprisonment were imposed, Richardson would be roughly 42 years old before he is released. If he were then given 60 months of supervision, he would be 47 years old by the time he completed his term of supervised release. Not only is this a lengthy term of incarceration and supervised release, it must also be recognized that Richardson will be required to follow all state and federal laws regarding sex offender registration for a prolonged period of time after he is released.

### b.  A SENTENCE OF 264 MONTHS PROVIDES ADEQUATE PROTECTION TO THE PUBLIC-§3553(a)(2)(C).

In 2004, the United States Sentencing Commission released a report detailing the diminished culpability of offenders who fall into the Criminal History Category of I. <u>Recidivism and the First Offender</u> (May 2004), http://www.ussc.gov/ Research/Research_Publications/Recidivism/200405_Recidivism_First_Offender.pdf at p. 9. Offenders who have no criminal history points and fall within the first offender group are less likely to reoffend, and are generally less culpable and less dangerous. (*Id*. at 11). Generally these offenses are marked with a lack of violence as well as the absence of weapons and bodily injury to the victim. (*Id*. at 9). These individuals are also more likely to accept responsibility for their actions. (*Id*.). Offenders who fall into this "first offender" category are less culpable than repeat offenders, less likely to reoffend, and more deserving of a reduced sentence. (*Id*. at 9-10).

Richardson fits the metric of these offenders as his criminal history category is I, he is educated, and he did not involve either weapons or violence in the crimes he committed.

### VI.  CONCLUSION.

In light of the nature and circumstances of this offense, Richardson's history and characteristics, and the sentencing range established for this offense, he respectfully requests this

Court impose the minimum sentence of 264 months in the range that was agreed to by the parties in their plea agreement. Richardson submits that a sentence of 264 months incarceration and 60 months of supervised release is sufficient, but not greater than necessary, to punish him for his offense, and to protect the public.

        Respectfully Submitted,

        /s/Karen Held Phipps
        Karen Held Phipps (0076282)
        Attorney for Addison Richardson
        Law Office of Karen Held Phipps, LLC
        283 South Third Street
        Columbus, Ohio 43220
        (614)583-9165 Telephone
        (614) 583-9165 Fax
        karen@khphippslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the Sentencing Memorandum was served electronically upon Heather Hill, Assistant United States Attorney this 25th day of March, 2014.

        /s/Karen Held Phipps
        Karen Held Phipps (0076282)
        Attorney for Addison Richardson